IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY FIELDS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1365-M |
| | § | |
| THOMAS COREA, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Johnny Fields against two attorneys -- Thomas Corea and Matt Holian. On July 13, 2010, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on August 11, 2010. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to assert a legal malpractice claim against Thomas Corea, an attorney who represented him in a products liability action against Pfizer Corporation, the manufacturer of the prescription drug Celebrex. Plaintiff further alleges that Corea and Matt Holian, the attorney who represented Pfizer, conspired with the judge to prevent him from obtaining a fair settlement. (*See* Plf. Compl. at 1; Mag. J. Interrog. #2). By this suit, plaintiff seeks $500,000 in damages from each defendant.

A.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

B.

Plaintiff has failed to allege a cognizable claim arising under federal law. Rather, his sole claim is for legal malpractice. (*See* Mag. J. Interrog. #5). "Legal malpractice has traditionally been the domain of state law" and, as such, does not give rise to federal subject matter jurisdiction. *Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008); *see also SMWNPF Holdings, Inc. v. Devore*, 165 F.3d 360, 364 (5th Cir. 1999); *Woodburn v. Turley*, 625 F.2d 589, 592 (5th Cir. 1980). To the extent plaintiff attempts to state a conspiracy claim against the defendants, that claim

also arises under Texas law. When asked to explain why federal jurisdiction is proper, plaintiff responded that the "Federal Drug Administration allowed Pfizer to dictate Policy concerning Vioxx, Bextra, Celebrex." (Mag. J. Interrog. #4). However, the claims asserted by plaintiff in this lawsuit do not implicate FDA policy. Instead, plaintiff accuses his former attorney of legal malpractice and alleges that the defendants conspired with the trial judge "to keep me from receiving a fair settlement." (*See* Mag. J. Interrog. #2, 4). The court therefore concludes that federal jurisdiction is not proper under 28 U.S.C. § 1331.

Nor is there any basis for federal diversity jurisdiction. According to plaintiff, at least one defendant, Thomas Corea, is a citizen of Texas. (*See* Mag. J. Interrog. #3(a)). Plaintiff is also a citizen of Texas. (*See* Plf. Compl. at 1). Thus, there is not complete diversity between the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 18, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE